MAE C. RILEY *v.* STATE EMPLOYEES' RETIREMENT COMMISSION

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued May 10—decision released July 17, 1979

*David A. Piskorski*, for the appellant (plaintiff).

*Stanley K. Peck*, assistant attorney general, with whom, on the brief, were *Carl R. Ajello*, attorney general, and *Bernard F. McGovern, Jr.*, and *Richard J. Lynch*, assistant attorneys general, for the appellee (defendant).

COTTER, C. J. Pursuant to General Statutes § 5-169 (b), the plaintiff filed an application for service-connected disability retirement with the state employees' retirement commission on April 21, 1972, after she had accidentally struck her leg against a chair while working at the Connecticut Valley Hospital. Following a medical examination and a review of her medical history, the medical examining board; see § 5-169 (c); concluded that there was "insufficient evidence of current disability to warrant disability retirement." On June 8, 1972, the commission denied the plaintiff's application for benefits. No appeal was taken by the plaintiff from that decision.

In 1974, the plaintiff requested the commission to reconsider its denial of her application for retirement benefits. The matter was again referred to the medical examining board whose members examined the plaintiff and reviewed two new medical reports submitted on the plaintiff's behalf. The board also considered the entire contents of the

plaintiff's health services and workmen's compensation files. The majority of the board reiterated its earlier determination that the plaintiff had "not presented sufficient evidence of current disability to warrant disability retirement" although it concluded that "she has sustained a service-connected injury which was complicated by congenital sickle cell trait." The commission adopted the findings of the board, and, on April 18, 1974, refused to reverse its previous decision denying the plaintiff's application for disability retirement. Thereupon, the plaintiff took an appeal to the Court of Common Pleas.

Pending that appeal, the court granted the plaintiff's motion to present additional evidence before the board. After consideration of that evidence[1] by the board, the commission again denied the plaintiff's application for a service-connected disability retirement. The court affirmed the decision of the commission and the plaintiff appealed to this court.

General Statutes § 5-169 (b) provides, in pertinent part, that a member of the state employees' retirement system is eligible for disability retirement if he "becomes permanently disabled . . .

[1] The "additional evidence" presented by the plaintiff was a letter from the superintendent of the Connecticut Valley Hospital to the plaintiff's union president indicating his decision not to reinstate the plaintiff due to the fact that there were no positions for which she could meet the physical qualifications. Consequently, the superintendent was recommending that, pursuant to § 5-244 of the General Statutes, the plaintiff be transferred to another position.

General Statutes § 5-244 provides as follows: "When an employee has become physically or mentally incapable of, or unfit for, the efficient performance of the duties of his position, by reason of infirmities due to advanced age or other disability, the appointing authority shall recommend to the commissioner of administrative services that the employee be transferred to less arduous duties or separated from state service in good standing."

from continuing to render the service in which he has been employed as a result of any injury received while in the performance of his duty as a state employee." General Statutes § 5-169 (c) requires a medical examining board composed of seven physicians to make a medical determination as to whether an applicant is eligible to receive retirement benefits, and to report that finding to the commission. *Shea* v. *State Employees' Retirement Commission,* 170 Conn. 610, 614, 368 A.2d 159. The defendant commission, in turn, has the duty to administer the state employees' retirement system; it may adopt regulations necessary to carry out the provisions of the State Employees' Retirement Act; and it ultimately approves or disapproves applications for retirement benefits. General Statutes § 5-155; *Shea* v. *State Employees' Retirement Commission,* supra, 614. In sum, the commission, an agency responsible for the overall administration of the retirement system, is assisted in this task by the specialized knowledge of the medical examining board.

In an appeal of this nature, it is neither our function nor that of the Court of Common Pleas to retry the case or to substitute our or its judgment for that of the defendant commission. *Budkofsky* v. *Commissioner of Motor Vehicles,* 177 Conn. 588, 590, 419 A.2d 333; *Lawrence* v. *Kozlowski,* 171 Conn. 705, 707–708, 372 A.2d 110, cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066. The commissioners, acting in a quasi-judicial capacity, must weigh the evidence in rendering a decision and the conclusion which they reach must be legally supported by that evidence. *Budkofsky* v. *Commissioner of Motor Vehicles,* supra; *Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747.

The duties of an administrative agency, the defendant commission in this case, necessarily include the right to exercise discretion, and the essence of such discretionary power is that the agency or commission may choose which of several permissive courses will be followed. In exercising that discretion, the factors to be taken into consideration "are not mechanical or self-defining standards," and, thus, wide areas of judgment are implied. *Secretary of Agriculture* v. *Central Roig Co.,* 338 U.S. 604, 611, 70 S. Ct. 403, 94 L. Ed. 381. Such discretion is the "lifeblood" of the administrative process. *Burlington Truck Lines, Inc.* v. *United States,* 371 U.S. 156, 167, 83 S. Ct. 239, 9 L. Ed. 2d 207.

In the present case, the defendant commission had before it medical evidence indicating that the plaintiff is both obese and suffers from a congenital sickle cell trait, which conditions are not service-connected. The commission concluded that "[a] person with this illness can obviously have successive recurrences of bad reactions through external contacts, but these are due to the inherent nature of the disease itself, which is permanent, and not through the result of a single episode." According to the commission, the trauma resulting from the plaintiff's injury to her leg had only short-term consequences, and if she lost weight she would be eligible for reconsideration for reemployment in her previous position.

The plaintiff argues that the trial court erred in sustaining the commission's decision, claiming that the commission acted illegally, arbitrarily and in abuse of its discretion in denying her application for benefits. In essence, the plaintiff contends that

the prerequisites for the granting of her application were established after the presentation of additional evidence before the board pursuant to the court order, thereby mandating a favorable decision by the commission. We disagree.

The medical examining board was consistent in its opinion that the plaintiff "sustained a service-connected injury which was complicated by congenital sickle cell trait." After the presentation of additional evidence, the board, in December of 1975, concluded that the plaintiff was "disabled from performing the duties of her classification." That medical determination of the board, however, does not, as the plaintiff strenuously suggests, establish her entitlement to benefits under General Statutes § 5-169 (b).

As noted earlier, the plaintiff would be eligible for disability retirement if it were established that she became *permanently* disabled . . . from continuing to render the service in which [she] has been employed *as a result of* any injury received in the performance of [her] duty as a state employee." (Emphasis added.) General Statutes § 5-169 (b). In its memorandum of decision, the commission noted that the board neither drew a causal relationship between its findings that the plaintiff sustained a service-connected injury and that she is disabled from performing the duties of her job classification, nor made a finding of fact that the plaintiff's present disability is permanent. The board's finding of "disability," without more, did not establish the plaintiff's entitlement to benefits under the statute.

The defendant commission, in the exercise of its discretion as the administrator of the retirement

system, did not, therefore, act illegally, arbitrarily or in abuse of its discretion in denying the plaintiff's application.

There is no error.

In this opinion the other judges concurred.