[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action plaintiff Joseph Waller timely appeals from the decision of the defendant Department of Motor Vehicle suspending his license for one year. Plaintiff's license was suspended pursuant to 14-227b, General Statutes, for refusing testing in conjunction with his arrest for driving while under the influence. Plaintiff is aggrieved by said decision.
Plaintiff's only claim on appeal is that the hearing officer erred in admitting the police report without proper foundation, and that said report contained inadmissible hearsay.
Pursuant to 14-227b(f), General Statutes,
 . . . . The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor of drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. The fees of any witness summoned to appear at the hearing shall be the same as provided by the general statutes for witnesses in criminal cases.
In this case, the hearing officer determined all issues in the affirmative. The reports of the arresting officer (Record, Exhibit A) show substantial and competent evidence for these findings. The officer's observations of Mr. Waller's condition CT Page 2909 support the finding of probable cause. Mr. Waller admitted that he was driving and had been involved in an accident Record, Exhibit A, seventh page). Mr. Waller was arrested and initialed the document whereby he refused the test.
 `Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166
through 4-189), and the scope of that review is very restricted. Lawrence v. Kolowski, 171 Conn. 705, [707-708,] 372 A.2d 110 (1976). Neither this court nor the trial court may retry the case or substitute its own judgment for that of the defendant.' C H Enterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12, 404 A.2d 864 (1978); DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975); see General Statutes 4-183 (g). [footnote omitted] `The court's ultimate duty is only to decide whether, in light of the evidence, the [commissioner] has acted unreasonably, arbitrarily, illegally, or in abuse of [his] discretion.' Burnham v. Administrator, 184 Conn. 317, 322, 439 A.2d 1008
(1981); Riley v. State Employees' Retirement Commission, 178 Conn. 438, 441, 423 A.2d 87
(1979); see also Persico v. Maher, 191 Conn. 384, 409, 465 A.2d 308 (1983).
Buckley v. Muno, 200 Conn. 1, 3, 509 A.2d 489 (1986).
It is not error per se to admit hearsay in an administrative proceeding. See Lawrence v. Kozlowski, 171 Conn. 705,372 A.2d 110 (1976). "It is fundamental that administrative tribunals are not strictly bound by the rules of evidence and that they may consider exhibits which would normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative." Id. 710. (Citations omitted). Under the substantial evidence rule, substantial prejudice must be affirmatively shown for the court to invalidate the decision of an administrative tribunal. Id. 714. The plaintiff has failed to meet his burden here in view of the substantial and competent evidence on the record in support of the decision.
Accordingly, the appeal is dismissed.
DUNNELL, J.