[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, plaintiff Roman Diaz timely appeals from the decision of the defendant Department of Motor Vehicles suspending his license for six months. Plaintiff's license was suspended pursuant to 14-227b, General Statutes for refusing testing in conjunction with his arrest for driving while under the influence. Plaintiff is aggrieved by said decision.
Plaintiff's stated grounds for his appeal are that the A-44 form does not show probable cause on its face, that there is only hearsay evidence of operation in violation of 14-227b, General Statutes, and that the hearing officer based his decision on two supplemental reports attached to the A-44 which did not conform to 14-227b(c), General Statutes, insofar as they were not on an approved form and were not under oath. Plaintiff further claims that Sergeant Cameron's report should not have been admitted as he was not the arresting officer.
Pursuant to General Statutes, 14-227b(f),
 . . . . The hearing [of the Department of Motor Vehicles] shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent CT Page 3220 or more of alcohol, by weight; and (4) was such person operating the motor vehicle. . . .
The A-44 form shows probable cause for arrest on its face. Although this court finds no error in the admission of the two supplemental reports, they were cumulative insofar as the probable cause finding is concerned. Defendant claims the A-44 shows only hearsay evidence of operation. This is not an issue here. The A-44 contains a notation that the "accused" told the officer he was driving.
 `Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166
through 4-189), and the scope of that review is very restricted. Lawrence v. Kozlowski, 171 Conn. 705, [707-708,] 372 A.2d 110 (1976). Neither this court nor the trial court may retry the case or substitute its own judgment for that of the defendant.' C H Enterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12, 404 A.2d 864 (1978); DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975); see General Statutes 4-183 (g). [footnote omitted] `The court's ultimate duty is only to decide whether, in light of the evidence, the [commissioner] has acted unreasonably, arbitrarily, illegally, or in abuse of [his] discretion.' Burnham v. Administrator, 184 Conn. 317, 322, 439 A.2d 1008
(1981); Riley v. State Employees' Retirement Commission, 178 Conn. 438, 441, 423 A.2d 87
(1979); see also Persico v. Maher, 191 Conn. 384, 409, 465 A.2d 308 (1983).
Buckley v. Muzio, 200 Conn. 1, 3, 509 A.2d 489 (1986).
There is nothing in the record to indicate any irregularity in the A-44 form. The record fully supports the finding of the hearing officer.
For the foregoing reasons, the appeal is dismissed.
Dunnell, J.