[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This action is based on a four-count complaint for wrongful death and negligent infliction of emotional distress, the third count being subsequently withdrawn. The plaintiff alleges that the defendants were negligent in investigating a complaint about an incident that resulted in the shooting death of the plaintiff's decedent, her daughter Lydia Ortiz. One, Angel Morales was convicted of manslaughter for killing the decedent and sentenced to 19 years in prison. The plaintiff alleges that on July 14, 1986, a fight occurred between certain members of her family and the Morales family. Angel "threatened" the decedent's brothers by telling Iris Martinez, a sister, that he was going to get her brothers and simultaneously patting a pocket that revealed the outline of a gun. Iris Martinez asked a neighbor to call the police. Officers Davis and Rosario responded to the call, and Iris Martinez told them of the threats and the gun. The defendant officers remained at the scene between 6 to 12 minutes. The plaintiff alleges that they CT Page 7520 stayed in the police car during that time. The plaintiff further alleges that "[w]hen asked by the dispatcher whether there was the possibility that weapons were involved, defendants Davis and [Rosario] responded `Negative just mentioned."' Shortly after the officers left, the police received a report of gunfire and the decedent was shot dead. The plaintiff further alleges that she saw her daughter get shot and die.
The plaintiff filed a complaint with the Freedom of Information Commission and on March 9, 1987, she received a copy of the internal police department report regarding the shooting incident. A copy of the report is attached to the complaint and says that "the officers were remiss in their duties when they failed to physically check the area for suspects that might be armed. Further, the length of time spent on this particular call was insufficient to fully investigate this incident."
On June 16, 1987, the plaintiff notified the defendant city of Hartford that she intended to sue. On August 9, 1988, the plaintiff was appointed administratrix of the decedent's estate and she filed suit on September 27, 1988.
 I.
Count one of the second revised complaint is directed against officers Davis and Rosario for wrongful death, alleging that they failed to adequately investigate the complaint and thereby caused the decedent's death. In count two, the plaintiff sues the city of Hartford for wrongful death for failing to enforce police regulations governing investigations of citizen complaints. Count three against the police captain has been withdrawn. Count four is directed to all defendants for negligent infliction of emotional distress.
The defendants move for summary judgment on two grounds, (1) that the statute of limitations bars the wrongful death claims in counts one and two because suit was not instituted "within two years from the date when the injury [is] first sustained or discovered or in the exercise of reasonable care should have been discovered" pursuant to Section 52-555 Conn. Gen. Stat., (2) that the city and the police officers are immune from liability in all counts by reason of governmental immunity.
 II.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279 (1989); Conn. Practice CT Page 7521 Bk. 384 (1978, rev'd to 1991). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
 III.
The defendants argue that the limitations period as to the wrongful death claims began on July 14, 1986, the day the decedent was killed and the day the officers were allegedly negligent and that the plaintiff should have filed suit by July 14, 1988. The plaintiff claims that the limitations period began on March 9, 1987, the day she first knew there was an "actionable harm," and that she therefore filed suit within the limitations period.
Our Supreme Court has interpreted language identical to the above language of Sec. 52-555 Conn. Gen. Stat. in other statutes of limitations "to infer to some form of actionable harm. . . . Actionable harm occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action." Merly v. State,211 Conn. 199, 205-06 (1989) (citations omitted).
On April 4, 1990, Judge Freed denied defendants motion to strike counts one and two which was based on the same claim as is made now, the decision relying on the Merly case and on Burns v. Hartford Hospital, 192 Conn. 451 (1984). Defendants now acknowledge that Judge Freed could not as a matter of law find that the limitations period commenced on the night of the murder (July 14, 1986), but now assert that deposition testimony subsequently taken "clearly shows that the plaintiff has failed to file the instant claim within two years from the date when the actionable harm was in fact discovered". The testimony referred to is from a deposition of Iris Martinez, the decedent's sister, namely "I told them, the Hispanic officer, I told him it was your fault she was killed because you did not listen to me. Plaintiffs subsequently filed affidavits by the same Iris Martinez and Atty. Nancy B. Alisberg, who interviewed the plaintiff on October 23, 1986, and later filed the complaint with the Freedom of Information Commission which resulted in disclosure of the police report received by plaintiffs on March 9, 1987. Plaintiffs claim on the basis of these affidavits that the remarks by Iris Martinez were an "excited utterance" rather than an affirmation that "actionable harm" had by that time been discovered.
The deposition and affidavits, in our view, do not clearly establish that plaintiff of her sister "knew" that the defendants were negligent that night, because until they CT Page 7522 received the police report, they might not have known what the police officer had done or not done to investigate the threat by Morales. We are not persuaded that no genuine issue exists as to the material fact as to when plaintiffs discovered that there was "actionable harm" by the defendant. Catz v. Rubenstein,201 Conn. 39, 47, 48 (1986). Accordingly, the motion for summary judgment as to counts one and two is denied.
 IV.
The defendants further argue that summary judgment should be granted on all three remaining counts because the officers as municipal agents exercising discretionary functions, are immune from tort liability and the city is immune for the discretionary governmental acts alleged. The plaintiff argues that the defendants are not immune under the "identifiable person-imminent harm" exception to governmental immunity which ordinarily attaches to a municipality or to the discretionary acts of municipal employees. Evon v. Andrews, 211 Conn. 501,507 (1989); Gordon v. Bridgeport Housing Authority, 208 Conn. 161
(1988); Shore v. Stonington, 187 Conn. 147 (1982); Sestito v. Groton, 178 Conn. 443 (1957).
In our view, defendants have not met their burden of showing that the plaintiff's decedent was not an identifiable victim or that harm was not imminent. "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact."). Connell v. Colwell, 214 Conn. 242, 246
(1990). The defendants have not submitted an affidavit setting forth testimony as to the events surrounding the shooting incident, while the plaintiff has submitted an affidavit by Iris Martinez detailing the threats made to the decedent's family. This court cannot determine as a matter of law that the decedent was not an identifiable victim, subject to imminent harm, and accordingly cannot find as a matter of law that the city or the officers are immune from liability in this case.
Defendants' Motion for Summary Judgment is denied.
WAGNER, J.