[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to the provisions of Connecticut General Statutes 4-183 from a decision of the Commissioner of Motor Vehicles suspending the motor vehicle operator's license of the plaintiff Norbert Johnson for a period of six months. The hearing was held on Tuesday, December 18, 1990, and a decision was rendered on the 19th day of December, 1990.
The suspension resulted from the alleged refusal of Mr. Johnson to consent to any chemical tests required by General Statutes 14-227b, after having been placed under arrest for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both.
In his complaint the plaintiff claims that the decision of the adjudicator was illegal, unreasonable and an abuse of discretion for the following reasons:
a. The decision in this case was not based upon the statutory framework of 14-227;
b. And that contrary to the statute, Sec. 14-227b(c), Mr. Johnson's license was never taken from him nor was he given or issued a temporary license nor was he suspended for two days by the state police. CT Page 1588
c. Since the statutory framework was not properly invoked in the first place, the state through Motor Vehicle Department improperly revoked appellant's license.
d. The adjudicator erred in allowing any exhibits into evidence in that the statutory framework was not properly invoked and therefore Mr. Johnson's motion to dismiss based upon jurisdictional reasons ought to have been granted.
The appellant alleges he is aggrieved by the decision of December 19, 1990 and appeals from that decision and prays that this court will reverse the decision of December 19 and order the Commissioner of Motor Vehicles to refrain from ordering that the appellant's operator's license be suspended pursuant to Connecticut General Statutes 14-227(b).
Appeals of this nature are based upon the record prepared and submitted to the adjudicator. At the hearing before the adjudicator the officer's DWI arrest and alcohol test refusal or failure report (A-44 Revision 5-90) was offered into evidence. This report indicates that on November 17, 1990 at Rte. 99, Carrington Road, in Bethany, Connecticut at 2:32 a.m. Norbert Johnson was involved in a motor vehicle single-car accident. The officer observed Mr. Johnson behind the steering wheel with the engine running. Mr. Johnson stated that he was the only occupant within the vehicle. The officer found that the operator was unstable when walking, and failed performance tests, and that the operator had a distinct odor of alcoholic beverages about him and stated he was sorry and was wrong for what he had done. The officer found probable cause to arrest Mr. Johnson based upon his field test performance, the odor of liquor on his breath, and the fact that he was involved in a one-car motor vehicle accident.
The officer placed Mr. Johnson under arrest on November 17, 1990 at 2:55 a.m. Mr. Johnson was charged with operating while under the influence of intoxicating liquors and was apprised of his constitutional rights at 2:57 a.m. He was also afforded a reasonable opportunity to telephone an attorney but refused to submit to a chemical alcoholic test based upon a urine test when requested to do so and after being advised of the consequences of refusing.
Section G of the A-44 form indicates that the refusal to submit to such tests occurred in the presence of John L. McGran, Sergeant, Connecticut State Police, Badge No. 229. Sergeant McGran signed the appropriate section indicating that he was a witness to this refusal. Thereafter, the arresting officer signed the appropriate section of the form under oath.
The record further indicates that the arresting officer CT Page 1589 did not revoke and take possession of the motor vehicle operator's license, suspend the license for a 24-hour period, nor did he issue a temporary operator's license. Accordingly, he did not forward a copy of the temporary license form to the Administrative Per Se Unit. Because these requirements were not completed by the arresting officer, the plaintiff contends that the Department of Motor Vehicles Administrative Per Se Unit lacked jurisdiction and accordingly, the Commissioner lacked jurisdiction to suspend the operator's license.
Judicial review of the Commissioner's action is governed by the Uniform Administrative Procedure Act: General Statutes4-166 through 4-189. Buckley v. Muzio, 200 Conn. 1, 3 (1986), The court finds that Mr. Johnson is an aggrieved person within the meaning of General Statutes 4-183 (a) in that a specific personal and legal interest, his license to drive has been adversely affected. Bakelaar v. West Haven, 193 Conn. 59, 65 (1984). Therefore, Johnson's appeal is properly before this court.
The scope of judicial review under the Uniform Administrative Procedure Act is quite restricted. Lawrence v. Kozlowski, 171 Conn. 705 [707-708], 372 (1976). Neither this court nor the trial court may retry the case or substitute its own judgment for that of the adjudicator. C H Enterprises, Inc. v. Commissioner of Motor Vehicles 176 Conn. 11, 12 (1978); DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589, (1975); see General Statutes 4-183 (g). "The court's ultimate duty is only to decide whether, in light of the evidence, the [commissioner] has acted unreasonably, arbitrarily, illegally or in abuse of [his] discretion." Burnham v. Administrator,184 Conn. 317, 322, (1981); Riley v. State Employees' Retirement Commission, 178 Conn. 438, 441, 423 (1979); see also Persico v. Maher, 191 Conn. 384, 409, 465 (1983). Buckley v. Muzio,200 Conn. 1, 3 (1986).
Subsections (b) and (c) of Section 14-227b use mandatory language in specifying the procedures to be followed by the police prior to suspension of a motor vehicle operator's license for refusal to submit to the statutory tests for ascertaining a driver's level of intoxication. Subsection (f) nevertheless provides that the license suspension hearing shall be limited to a determination of the following issues: "(1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor; (2) Was such person placed under arrest; (3) Did such person refuse to submit to such test or analysis; and (4) Was such person operating the motor vehicle." CT Page 1590
The Department of Motor Vehicles' adjudicator found affirmatively upon each of these four issues, and the plaintiff does not challenge these findings. In Buckley v. Muzio, 200 Conn. 1,7 (1986), this court declared that "the hearing is. . . expressly limited to the four issues enumerated above and that the limited issue before the trial court was whether the adjudicator properly applied the statute as written to the facts of the case."
The adjudicator in his decision in this case made the express findings required by 14-227 (b) subsection (f). After a thorough review of the record, the court finds that there was a sufficient evidentiary basis in the record for the adjudicator to make these findings.
The Connecticut Supreme Court has recently analyzed the license suspension procedure in 14-227b noting that it is an administrative procedure and not a criminal proceeding. Volck v. Muzio, 204 Conn. 507, 515, 516 (1987). Discussing the statute's legislative history, the court noted that both the 63 and 67 amendments of the statute indicate the intent of the legislature to make the issue of license suspension independent of the outcome of the trial of the charge of operating under the influence. . ." Id. at 515. State v. Hanusiak, 4 Conn. Cir. Ct. 34-39 (Appellate Div. 1966) suspension mandatory under 14-277b even though license holder found not guilty of charge under 14-227a because he refused to take one of the blood alcohol tests. The restriction of the license suspension hearing to the four issues contained in subsection (f) indicates that compliance with subsections (b) and (c) was not intended to be a prerequisite for suspension. The failure to comply with the provisions of subsections (b) and (c) is not a sufficient ground for overturning the determination that plaintiff's license should be suspended. Therefore, even if the provisions of subsections (b) and (c) are not satisfied, such failure does not constitute grounds for sustaining the appeal.
After reviewing the evidence the court concludes that the plaintiff has failed to prove that the commissioner has acted unreasonable, arbitrarily, illegally or in abuse of his discretion and therefore the appeal is dismissed.
DORSEY, J.