[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Timothy Kennelly was summoned to appear at a hearing before the Commissioner of Motor Vehicles on Tuesday, April 2, 1991, to respond to a charge that he failed to pass a chemical alcohol test after being arrested for driving under the influence of alcohol on March 9, 1991, in the town of Cheshire. The hearing was held under the authority of the Connecticut General Statutes 14-4a and Public Act No. 89-314; and Regulations of Connecticut State Agencies 14-137-36 to14-137-39 and 14-227b-1 through 14-227b-29.
On the third day of April 1991 the hearing officer filed the following findings of fact and conclusions of law:
1. The police officer had probable cause to arrest Mr. CT Page 1329 Kennelly for a violation specified in Section 1 of Public Act 89-314.
2. The operator was placed under arrest.
3. The operator submitted to a test or analysis and the results indicated at the time of the offense a BAC of .10 or more.
4. Said person was operating the motor vehicle.
Based on these findings and conclusions the plaintiff's Connecticut operator's license privilege was suspended for 90 days. The plaintiff's appeal dated April 12, 1991 alleges that the decision of the adjudicator was illegal, unreasonable and an abuse of discretion for the following reasons:
a. The police officer did not have probable cause to stop the appellant, Timothy Kennelly.
b. The objective signs for probable cause were not conclusive as to establish a reasonable basis to admit the results of the test as against the appellant.
In his brief the plaintiff states that the basic subject matter of his appeal is whether or not there was probable cause for the arrest. Plaintiff argues that he did not offend any of the state statutes concerning his operation, that he received no citation nor did the officer at the hearing testify that the appellant operated his vehicle so as to violate any Connecticut statutes. This argument is the basis for his claim that there was no articulable suspicion which caused the police officer to effect a stop of the plaintiff's vehicle nor was there probable cause to arrest the driver of the vehicle.
Section 14-227b of the Connecticut General Statutes is entitled Implied consent to test. Suspension of license for refusing to submit to test or having elevated blood alcohol content. Hearing. This statute, subsection (c) provides that if a person arrested submits to a blood alcohol content test and the results of such test or analysis indicate that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one percent or more of alcohol, by weight, the police officer acting on behalf of the Commissioner of Motor Vehicles shall immediately revoke and take possession of the motor vehicle operator's license. Thereafter, subsection c provides that the police officer shall prepare a written report of the incident and shall mail the report together with a copy of the completed temporary license form and shall mail the report with a copy of the completed temporary license form, any operator's license taken into possession and a copy of the results of any CT Page 1330 chemical test or analysis to the Department of Motor Vehicles within three business days.
Subsection (d) provides that upon receipt of such report the Commissioner of Motor Vehicles shall suspend any license of such person effective as of a date certain and also notify any person whose license or operating privilege has been suspended in accordance with this subsection that he shall be automatically entitled to a hearing before the Commissioner to be held prior to the effective date of the suspension.
Appeals based upon this subsection are authorized by the Uniform Administrative Procedure Act (UAPA) Connecticut General Statutes 4-166, et seq. The hearing before the court is based on the record transmitted to the court by the administrative agency. In this instance, the record consisted of:
1. A copy of the Temporary Operator's License issued to the plaintiff on March 9, 1991.
2. A certified copy of the Suspension Notice, which notifies the plaintiff of the pending suspension of his motor vehicle license and his right to a hearing, sent to the plaintiff on March 14, 1991.
3. A certified copy of the Notice of Hearing sent to the Plaintiff on March 21, 1991, informing him that an administrative hearing would be held on April 2, 1991 with respect to the proposed suspension of his operator's license.
4. The original certified transcript of the administrative hearing held on April 2, 1991.
5. A copy of the Officer's DWI Arrest and Alcohol Test Failure Report (Form A-44), Rev. 5-90), intoximeter slips, and police case/incident report, admitted into evidence as State's Exhibit A at the hearing.
6. A certified copy of the Decision, dated April 3, 1991, informing the plaintiff that his operator's license was suspended for a period of ninety days.
The court held a hearing on this matter on February 7, 1992 and determined that the plaintiff is aggrieved by the Commissioner's decision of April 3, 1991, section 4-183 (a) in that a specific personal and legal interest, his license to drive, has been adversely affected. Bakelaar v. West Haven, 193 Conn. 59, 65
(1984). Therefore, Mr. Kennelly's appeal is properly before this court. CT Page 1331
A review of the record indicates that the adjudicator made the findings which are required by Connecticut General Statutes 14-227b(f). The court must review the record to determine whether it contains substantial evidence to support the findings and the decision to suspend the plaintiff's license under the implied consent law.
The plaintiff bears the burden of proving, inter alia, that substantial rights possessed by him have been prejudiced because the decision to suspend his operator's license is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." Connecticut General Statutes4-183 (j)(5) and (6); Lawrence v. Kozlowski, 171 Conn. 705, 713-14.
"Judicial review of the commissioner's actions is governed by the Uniform Administrative Procedure Act General Statutes, (see 54 4166 through 4189)and the scope of that review is very restricted. Lawrence v. Kozlowski, 171 Conn. 705
[707-708] (1976). The trial court may not retry the case or substitute its own judgment for that of the Commissioner." CNH Enterprise, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11
at 12. DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587,589 (1975); See General Statutes 4-183 (g). "The court's ultimate duty is only to decide whether in light of the evidence, the [Commissioner] has acted unreasonably, arbitrarily, illegally, or in abuse of his discretion." Burnham v. Administrator,184 Conn. 317, 322 (1981); Riley v. State Employee's Retirement Commission, 178 Conn. 438, 441 (1979); see also Persico v. Maher,191 Conn. 384, 409 (1983); Buckley v. Muzio, 200 Conn. 1 at 3 (1986). It is not the function of the superior court to retry the case or to substitute its judgment for that of the Commissioner. Buckley v. Muzio, supra. Rather, "the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency and if there is evidence which reasonably supports the decision of the Commissioner the courts cannot disturb the conclusion reached by him." DiBenedetto v. Commissioner of Motor Vehicles, supra, 589.
The adjudicator admitted into evidence without exception the officer's DWI arrest and alcohol test refusal or failure report (A-44 new 10-89) which he summarized in the transcript page 4. Office Giampietro testified at the hearing on direct by plaintiff's counsel, on cross by the adjudicator and on redirect by plaintiff's counsel. The court's review of the record and of the testimony received by the adjudicator would not permit it to challenge the adjudicator's determination of the requisite findings of fact and conclusions of laws required by section14-227b(f).
The police officer initiated the stop of the plaintiff CT Page 1332 at 0200 on March 9, 1991 was based upon his observation of plaintiff's vehicle repeatedly swerving from side to side within the northbound lane of Route 10 in Cheshire, Connecticut, and at one point nearly striking the curb on the easterly side of the road. This observation was a sufficient bags for the stop. Terry v. Ohio, 392 U.S. 1 (1968). Thereafter, the police officer's observations of plaintiff's appearance, actions and behavior and performance tests fully supported his conclusion of probable cause for arrest of the plaintiff. Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that the person arrested has committed an offense. Beck v. Ohio, 379 U.S. 89, 91; State v. Wilson, 153 Conn. 39, 42.
After reviewing all the evidence contained in the record, and giving due consideration to the arguments of counsel, the court finds that there is substantial evidence in the record to support the findings and conclusions of the adjudicator. Accordingly, the court concludes that the plaintiff has failed to prove that in the light of this evidence, the Commissioner has acted unreasonably, arbitrarily, illegally or in abuse of discretion in deciding to suspend the license of the plaintiff. Therefore, the appeal is dismissed.
Dorsey, J.