[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, City of Stamford ("City") appeals a decision of the Freedom of Information Commission ("FOIC"), which ordered disclosure of an investigation report prepared by an attorney retained by the City's Board of Finance.
The plaintiff appeals pursuant to General Statutes § 4-183
CT Page 8724 and 1-21i(d). The court finds the issues in favor of the defendant FOIC.
A review of the record reveals the following pertinent facts:
The City's Board of Finance retained Attorney Austin McGuigan ("McGuigan") of the law firm of Hoberman Pollack P.C., to investigate certain construction project contracts to which the City was a party. One matter of inquiry by McGuigan concerned the conduct of the Mallozzi Construction Company, Inc. ("Mallozzi") in the performance of an excavation material hauling contract with the City.
On February 9, 1993, the City filed a law suit against Mallozzi in the Superior Court for the Stamford/Norwalk Judicial District, seeking recovery of excess sums paid by the City to Mallozzi under that contract. (McGuigan had been retained by the Board of Finance sometime in 1992 to conduct the investigation, but his final report was not submitted to the Board until May of 1993. This was several months after the City commenced litigation against Mallozzi).
Mallozzi, which was named as an additional defendant in this administrative appeal, had requested a copy of McGuigan's investigation report on June 2, 1993. On June 18, 1993, the City's corporation counsel informed Mallozzi's attorney in a letter that the City was refusing to disclose McGuigan's report. In denying Mallozzi's request for a copy of the report, the City maintained that it was exempt from disclosure under Connecticut's Freedom of Information Act ("FOIA").
Mallozzi appealed the City's refusal to disclose the report in a petition to the FOIC dated July 16, 1993. A hearing on that appeal was held before FOIC hearing officer Commissioner Deane C. Avery on October 7, 1993.
The hearing officer issued a proposed finding of fact and law and decision on December 3, 1993. The hearing officer found that the City was a public agency within the meaning of General Statutes § 1-18a(a), and that the McGuigan report was a public record pursuant to General Statutes § 1-18a(d).
The hearing officer also found that the report was not exempt from disclosure. In so doing, the hearing officer rejected claims by the City that the report qualified for exemption because it CT Page 8725 pertained to strategy and negotiations with respect to pending claims or litigation involving the City (General Statutes § 1-19(b)(4)) and because disclosure would affect the City's discovery rights in its pending law suit against Mallozzi (General Statutes § 1-19b(b)(1)).
Hearing officer Avery concluded that the City "failed to prove" either ground for exemption at the administrative hearing. He found that the City's refusal to disclose the McGuigan report to Mallozzi violated General Statute sections 1-15(a) and 1-19(a), and recommended that the FOIC order the City to provide Mallozzi with a copy of the report.
The FOIC voted to adopt the hearing officer's proposed findings and decision as its final decision on December 22, 1993. It ordered the City to provide Mallozzi with a copy of the investigation report.
It is that decision which the City now appeals.
In administrative appeals, the plaintiff must prove that it is aggrieved by a final ruling of the administrative agency. NewEngland Rehabilitation Hospital of Hartford, Inc., v. CHHC,226 Conn. 105, 120, 627 A.2d 1257 (1993).
In administrative appeals filed pursuant to General Statute § 1-21i(d), aggrievement is established upon a showing that: (1) the plaintiff has a specific personal and legal interest in the subject matter of the FOIC decision and (2) the decision has resulted in a special and injurious effect on this specific interest. Kelly v. Freedom of Information Commission,221 Conn. 300, 308, 603 A.2d 1131 (1992).
The court finds that the City is an entity against whom the FOIC's orders were directed. The FOIC decision requires that the City publically disclose documents which the City claims are exempt. The City maintains that this disclosure would compromise its rights with respect to pending claims and/or litigation involving the City, and its discovery rights in a law suit.
Accordingly, the City is aggrieved, and this court has jurisdiction.
It is well established by both statute and a large body of case law that the scope of judicial review in administrative CT Page 8726 appeals is extremely limited:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or (6) arbitrary, or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
General Statute § 4-183(j). See also Lawrence v.Kozlowski, 171 Conn. 705, 707-708, 372 A.2d 110 (1976); Ottochianv. Freedom of Information Commission, 221 Conn. 393, 397 (1992).
This court "may not retry the case or substitute its judgment for that of the administrative agency." C H Enterprises, Inc.,v. Commissioner of Motor Vehicles, 176 Conn. 11, 12, 404 A.2d 846
(1978); DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587,589, 362 A.2d 840 (1975); New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 773 (1988). "The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, or in abuse of [its] discretion." Burnham v. Administrator, 184 Conn. 317,322, 439 A.2d 1008 (1981); Riley v. State EmployeesRetirement Commission, 178 Conn. 438, 441, 423 A.2d 87 (1979).
In the instant case, the burden of establishing that the requested documents are exempt from disclosure rests upon the City. New Haven v. Freedom of Information Commission, supra, 775. Connecticut's Freedom of Information statutes are the embodiment of a strong legislative policy which "favors the open conduct of government and free access to governmental records." Perkins v.Freedom of Information Commission, 228 Conn. 158, 166,653 A.2d 783 (1993). "The general rule under the Freedom of Information Act is disclosure, with the exceptions to this rule being narrowly construed." New Haven v. Freedom of InformationCT Page 8727Commission, supra, 775.
The City bases its claim of exemption under General Statutes §§ 1-19(b)(4) and 1-19b(b)(1).
Section 1-19(b)(4) states in pertinent part that:
"Nothing in sections 1-15, 1-18a, 1-19 to 1-19b,
 inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . (4) records pertaining to strategy and negotiations with respect to pending claims and litigation to which the public agency is a party until such litigation or claim has been finally adjudicated or otherwise settled, . . . ."
Section 1-19b(b)(1) states in pertinent part that:
"Nothing in sections 1-15, 1-18a, 1-19 to 1-19b,
 inclusive, and 1-21 to 1-21K, inclusive, shall be deemed in any manner to (1) affect the status of judicial records as they existed prior to October 1, 1975, nor to affect the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state . . . ."
The court, based upon its review of the record of the proceedings before the administrative agency, finds that the City did not meet its evidentiary burden of proof with respect to either claim for exemption.
The City was afforded a full and fair opportunity to present evidence and testimony at the October 7, 1993 hearing. The ten-page transcript of that hearing reveals that the City did not offer any witnesses or sworn testimony at the proceeding. The only item of evidence introduced by the city was a one-sentence-long letter dated June 18, 1993 from the corporation counsel to Mallozzi's lawyer, denying Mallozzi's request for a copy of the McGuigan report. That letter contained nothing probative of the two claims for exemption upon which the City relied at hearing. Indeed the letter merely stated that the document "is not subject to disclosure under the Freedom of Information Act," and failed to give any reason as to why the City took this position. CT Page 8728
In oral argument to the FOIC hearing officer during the October 7, 1993 hearing, the City relied extensively on a letter sent by McGuigan to Attorney Dennis Taylor, Mallozzi's counsel, under date of September 16, 1992. This letter was appended as an exhibit to the formal complaint filed by Mallozzi with the FOIC on June 2, 1993. Although it was not offered into evidence at the October 7, 1993 hearing before Commissioner Avery, the City argued that McGuigan's letter proved the claims for exemption.
In the correspondence from McGuigan to Taylor, McGuigan stated that he had been retained by the Stamford Board of Finance "to investigate certain matters identified by he Board." Noting that the scope of his inquiry encompassed several contracts, including Mallozzi's contract to cart excavation material, McGuigan wrote:
"Our mission is initially a fact finding one, but we have been asked to determine whether individuals violated the laws of the United States or of the State of Connecticut, and whether they violated Stamford municipal ordinances or the provisions of its charter. We will also seek to determine whether municipal funds were improperly spent and, if so, to assess the prospects for recovery."
The City maintains that the contents of McGuigan's September 16, 1992 letter proved res ipsa loquitur that McGuigan's subsequent report pertained to strategy and negotiations, concerning its claim or litigation against Mallozzi.
The court does not agree. The September 16, 1992 letter from McGuigan to Taylor was not introduced into evidence by either side at the FOIC hearing. More significantly, nothing contained in the correspondence proved either that the content of the McGuigan report pertained to strategy and negotiations (emphasis added) concerning the City's pending claim and litigation with Mallozzi, or that the City's discovery rights in litigation would be affected in any manner by disclosure under the FOIA.
The City could have attempted to prove its claims for exemptions at the administrative hearing through evidence in the form of "expert testimony, testimony of a city representative, a relatively specific affidavit, or precedent." New Haven v.Freedom of Information Commission, supra, 777. In the absence of such evidence or testimony, however, this court cannot engage in conjecture of speculation about the contents of the McGuigan CT Page 8729 report. Nor can it substitute its judgment for the finding of the FOIC that neither claim for exemption was proven at the hearing.
The City also argued, both at the FOIC hearing and to the court, that the holding in William A. Gifford, et al v. Freedomof Information Commission, et al, 227 Conn. 641 (1993) requires a finding that the McGuigan report is exempt from disclosure. The court finds that the Gifford decision, when applied to the specific facts and circumstances of this case, is not controlling precedent.
Our Supreme Court's holding in the Gifford matter exempted police arrest reports from FOIA disclosure when criminal prosecutions are still pending. Specifically, the court held that the pretrial release of such reports was regulated and limited by specific statutes and sections of the Connecticut Practice Book. Because of this, pretrial FOIA-mandated disclosure of the arrest reports would "affect the rights of litigants" "under the laws of this state."
In the case at bar, the City did not prove which, if any, of its litigation-related discovery rights would be affected, or how they would be affected, if the McGuigan report was released. The court does not believe that the Gifford decision encompasses an all-inclusive prohibition against FOIA disclosure in every case where litigation, or the possibility of litigation, exists. Rather, the Gifford decision affirms the mandate of § 1-19b(b) that the FOIA should defer to the laws of discovery where it is established that litigants' discovery rights would be limited or compromised by FOIA-compelled production.
For all of the reasons herein stated, the court finds that the defendant FOIC did not act unreasonably, arbitrarily, illegally or in abuse of its discretion in ordering the City to disclose the McGuigan report to Mallozzi.
Accordingly, the City's appeal is dismissed.
Dyer, J.