[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion to Dismiss
The defendant Commissioner of Environmental Protection makes this motion to dismiss.
This action is brought by the plaintiffs, residents of the Town of Canterbury, as against the Commissioner seeking various remedies as against the Commissioner, including orders from this Court to compel the Commissioner to enforce "the terms of the Consent Orders . . ." entered by the Commissioner, which orders compel certain remedial activity by the defendants Yaworski, Inc. and Rose, Jamee and Dennis Yaworski. This action was originally brought against the Commissioner only, and the additional defendants were added in response to the granting of a motion to strike, based upon non-joinder of a necessary party.
This is the second motion to dismiss by the defendant Commissioner. On March 20, 1995 this Court, Schimelman, J., denied the Commissioner s motion to dismiss, addressing each of the claims of the Commissioner. A motion to reconsider was denied by the court on April 28, 1995.
The matter of standing to bring this action under General Statutes § 22a-16 has been considered and dealt with appropriately in the aforementioned memoranda of decision. (Reason IIIA, this motion).
The propriety of the claim for relief for monetary damages sought from the Commissioner does not implicate jurisdiction. It may be the subject of a Motion to Strike that claim for relief. Practice Book Section 152(2). That matter is not before the court in the format of the present motion, a Motion to Dismiss. (Reason this motion).
Reason #IIIB asserts that because private citizens have actions against other private citizens under General Statutes § 22a-16 this suggests that an aggrieved citizen does not have a cause of action against the Commissioner, for to hold otherwise would constitute a usurpation of the Commissioner's CT Page 5330 discretionary authority. It is axiomatic that the mere fact that a person may have a cause of action against one person or entity does not bar causes of action which that person may have against other persons or entities.
The defendant alleges that the plaintiff has failed to exhaust Administrative Remedies Reason IV. This reason was also advanced in the prior motion, and determined in that decision. This reason is added to, or rather is more specifically articulated in Reason V, claiming that the plaintiff has failed to first seek a declaratory ruling from the agency.
The plaintiff alleges that the Commissioner has done nothing to enforce the terms of the Consent Orders issued by the Commissioner. The Commissioner is correct in asserting that "the agency or Commission may choose which of several permissive courses will be followed." Riley v. State Employees RetirementCommission, 178 Conn. 438, 442 (1979). This statement, however, does not stand for the proposition that where an agency has issued a remedial order, and where that order has not been altered, modified or rescinded in any fashion, that an agency has the discretion to do nothing towards the enforcement of that order. The present relief sought does not seek to direct the Commissioner to take a specific course of action to enforce the order. In essence, it asks the court to direct that the Commissioner do something, otherwise said to not do nothing, to enforce the order.
The Commissioner takes the position that the plaintiffs are required to seek a declaratory judgment from the agency prior to commencing this action. The case cited by the Commissioner inConnecticut Assn. of Boards of Education, Inc. v. Shedd,197 Conn. 554, 561 (1985) requires that the relief sought herein first requires that ". . . the plaintiff has requested the agency to pass upon the validity or applicability of the order in question . . ." Applied to this case that proposition would require that the Commissioner determine whether the order which it issued specifically against the polluting party was applicable to that party. The fallacy of that proposition is self-evident. Such a procedure could not be other than dilatory.
It is elementary that where resort to the administrative process is futile parties are not bound to languish in a sea of inaction. CT Page 5331
 "One such exception is that where the available relief is inadequate or futile, the administrative process may be bypassed."
Norwich v. Norwalk Wilburt Vault Co., 208 Conn. 1, 4 (1988).
This court has jurisdiction to entertain this action. The motion to dismiss is denied.
Sullivan, J.