[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATEMENT OF THE CASE
The plaintiff, David Innaimo, brings this appeal from the decision of the Board of Retirement of the City of Waterbury (hereinafter Retirement Board) with respect to his disability award. The decision of the Retirement Board was to award the plaintiff a pension benefit at the minimum percentage rate of 50 percent of his earnings rather than CT Page 9735 awarding the plaintiff a pension benefit at a higher percentage rate. The plaintiff alleges that the Retirement Board acted arbitrarily, unreasonably, illegally, or in abuse of its discretion when it awarded him the disability pension at the percentage rate of 50 percent, and the system is improperly arbitrary because the Retirement Board does not provide a defensible or objective standard to correlate the rate awarded for a disability pension to the level of one's disabilities.
The defendant filed a return of record. The plaintiff filed a brief in support of his appeal with exhibits. A reply brief was filed by the defendant. The court heard oral argument on March 23, 2000.
BACKGROUND
David Innaimo began employment with the city of Waterbury in 1981. (Return of Record [ROR], D-1) . Because of various injuries, Innaimo applied for disability pension benefits from the city of Waterbury on February 4, 1998. (ROR, A-1). Two independent medical examinations were conducted on Innaimo in March, 1998, regarding his disability retirement. (ROR, D-1, E-3). Both physicians found that Innaimo's disabilities rendered him incapable of performing his job duties or any other work, and that he would not likely be able to recover from his injuries. (ROR, D-1, E-3) . Innaimo's disability application was brought before the Retirement Board on May 13, 1998. (ROR, B-2). The Retirement Board considered the request, and awarded Innaimo a pension benefit at a percentage rate of 50 percent of his earnings. (ROR, C-1a, D-3). Innaimo alleges that the city of Waterbury and the Retirement Board violated, misinterpreted, or misapplied Article XVIII, Section 8 of the collective bargaining agreement between the city of Waterbury and Waterbury city employees, Local 353 AFL-CIO, which governs Innaimo's pension rights by awarding the plaintiff a pension benefit at the minimum percentage rate of 50 percent of his final earnings, rather than awarding the plaintiff a pension benefit at a percentage rate greater than 50 percent. (Complaint, ¶¶ 4-5).
JURISDICTION
This appeal is brought pursuant to Section 2709 of the charter of the city of Waterbury, (Complaint, ¶¶ 6), which provides: "Any person aggrieved by any decision of said retirement board may, within fifteen days from the date when such decision was rendered, take an appeal to the [Superior Court] for the Judicial District of Waterbury in New Haven County. Notice of such appeal shall be given by leaving a true and attested copy thereof with said retirement board within twelve days before the return date to which such appeal was taken." CT Page 9736
AGGRIEVEMENT
"Pleading and proof of aggrievement [is] . . . a prerequisite to a trial court's jurisdiction over the subject matter of an appeal. Lewinv. United States Surgical Corporation, 21 Conn. App. 629, 631, 575 A.2d 262
(1990), cert. denied, 216 Conn. 801, 577 A.2d 716, quoting Beckish v.Manafort, 175 Conn. 415, 419, 399 A.2d 1274 (1978). The question of aggrievement is essentially one of standing; see Beckish v. Manafort, supra, 175 Conn. 419, unless the plaintiff established that he was aggrieved by the decision of the board, he had no standing to appeal. . . ." (Citations omitted; internal quotation marks omitted.) Downey v.Retirement Board, 22 Conn. App. 172, 176, 576 A.2d 582, cert. denied,216 Conn. 811, 580 A.2d 561 (1990).
"Aggrievement, when not based upon a specific statute, is determined by way of a well-settled twofold test. First, the plaintiff must successfully demonstrate a specific, personal and legal interest in the subject matter of a decision. Second, [he) must successfully establish that this interest has been specially and injuriously affected by the decision. . Further, an aggrieved party must have a claim that is distinguishable from the concerns of the community at large. . . ." (Brackets in original; citations omitted; internal quotation marks omitted.) Id. Innaimo alleges that he applied for disability retirement, and the Retirement Board awarded a pension benefit of 50 percent of his final earnings on May 13, 1998; (Complaint, ¶¶ 3); and that this amount constitutes a misapplication or misinterpretation of Article XVII, Section 8 of the collective bargaining agreement. (Complaint, ¶¶ 4) Innaimo further alleges that the Retirement Board violated the collective bargaining agreement by failing to award him a pension of greater than 50 percent. (Complaint, ¶¶ 5). Moreover, the Retirement Board admits that "pursuant to Section 2709 . . . any person aggrieved by decision of such Board must take appeal within fifteen days to this court;" (Complaint, ¶¶ 6); and does not contest aggrievement. (Answer, ¶¶ 2; Defendant's Brief). Therefore, this court finds that Innaimo is aggrieved by the decision of the Retirement Board.
TIMELINESS AND SERVICE OF PROCESS
Section 2709 of the charter of the city of Waterbury provides: "Any person aggrieved by any decision of said retirement board may, within fifteen days from the date when such decision was rendered, take an appeal . . . . Notice of such appeal shall be given by leaving a true and attested copy thereof with said retirement board within twelve days before the return date to which appeal was taken." The Retirement Board voted upon Innaimo's application for disability retirement on May 13, 1998. (ROR, A-1). Innaimo commenced this appeal on May 27, 1998, within CT Page 9737 fifteen days of the Retirement Board's decision to award the plaintiff a pension benefit of 50 percent of his final earnings; (Complaint, ¶¶ 6); and served the Retirement Board[1] on May 27, 1998. (Sheriff's Return). Notice was given on May 27, 1998, which is within twelve days before the return date, listed as June 23, 1998. Therefore, the court finds that this appeal was commenced in a timely manner by service on the proper parties.
JUDICIAL REVIEW
This court acts in an appellate capacity and as such reviews the record to determine whether the Retirement Board abused its discretion in fulfilling its duty. Ferrier v. Personnel and Pension Appeals Board ofthe Town of Wallingford, 8 Conn. App. 165, 166-167, 510 A.2d 1385 (1986) [Appellate courts] have consistently held that administrative agencies may exercise wide discretion in the performance of their duties. . . .Riley v. State Employees' Retirement Commission, 178 Conn. 438, 442,423 A.2d 87 (1979) Commission on Hospital Health Care v. StamfordHospital, 208 Conn. 663, 673, 546 A.2d 257 (1988) . "An appellate court, in reviewing a decision from a local personnel and pension appeals board, may not adjudicate facts or otherwise substitute its judgment for that of the board." Ferrier v. Personnel Pension Appeals Board, supra,8 Conn. App. 166-167.
"The court's function is limited to the examination of the record to determine whether the ultimate decision was factually and legally supported to ensure that the board did not act illegally, arbitrarily or in abuse of its discretion. . . . Without question agency action which is unconstitutional, contrary to law, illegal, or beyond the power granted to tile agency is arbitrary, capricious, unreasonable, or an abuse of discretion; action which is condemned by such terms is not redeemed by the presence of good faith or even high purpose." (Citation omitted; emphasis is omitted; internal quotation marks omitted.) Downey v.Retirement Board, supra, 22 Conn. App. 180-81. "In an appeal of this nature, it is [not] our function to retry the case or to substitute our . . . judgment for that of the defendant commission." Riley v. StateEmployees' Retirement Commission, supra, 178 Conn. 441; see also Dolgnerv. Alander, 237 Conn. 272, 280, 676 A.2d 865 (1996). "In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered material prejudice as a result of this alleged procedural deficiency. Jutkowitz v. Department of Health Services, 220 Conn. 86,94, 596 A.2d 374 (1991)." Downey v. Waterbury Retirement Board, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 141774 (February 23, 2000, Caruso, J.).[2]
DISCUSSION
CT Page 9738
The Retirement Board awarded Innaimo a pension benefit of 50 percent of his earnings upon Innaimo's application for disability retirement benefits. (ROR, A-1). Innaimo appeals this pension award on the ground that the city of Waterbury and the Retirement Board violated, misinterpreted, or misapplied Article XVIII, Section 8 of the collective bargaining agreement by awarding the plaintiff a pension benefit at the minimum rate of 50 percent of his earnings, rather than awarding the plaintiff a pension benefit at a rate between 50 percent and 76 percent, or the maximum rate of 76 percent. (Complaint, ¶¶ 4-5).[3] Article XVIII, Section 7 of the collective bargaining agreement provides, in part: "In the event that the said two impartial competent medical examiners determine that the employee has sustained a disability which totally and permanently disables him then the Retirement Board, upon appropriate application from the employee, shall award an annual disability pension to the disabled employee in the following amount: the greater amount of: (a) the regular pension to which the employee would have been entitled as of the date of his aforesaid permanent and total disability . . . or (b) a minimum of 50 percent, but not to exceed 76 percent, including workers' compensation benefits — payment, of the employee's annual base salary . . . plus longevity entitlement (Article VI) as of the date of his application for disability pension." (ROR, E-5)
The Retirement Board duly required the two medical examinations and received reports of Innaimo's permanent disability and inability to return to employment. On that information, the record indicated that the Retirement Board voted to approve Innaimo's request, and awarded a disability retirement pension in the amount of 50 percent, citing "based on the contract, years of service, charter provisions and other things we [the Retirement Board] look at in making these determinations." (ROR, C-1a) . Innaimo claims that the retirement board acted unreasonably, arbitrarily, illegally, or in abuse of its discretion when awarding him the disability pension at the minimum rate of 50 percent without providing a nonarbitrary standard or formula that the Retirement Board used to assign Innaimo this rate. Innaimo also asserts that, because the Retirement Board does not provide a defensible or objective standard to correlate the rate awarded for a disability pension to the level of one's disabilities, the system is improperly arbitrary. Therefore, Innaimo argues that he has suffered a material prejudice as a result of the arbitrary standard that the Retirement Board used in determining his pension benefits rate, and that he should be awarded a greater rate than 50 percent.
"`If an administrative agency chooses to rely on its own judgment, it has a responsibility to reveal publicly its special knowledge and CT Page 9739 experience, to give notice of material facts that are critical to its decision, so that a person adversely affected thereby has an opportunity for rebuttal at an appropriate stage in the administrative proceedings.'"Tanner v. Conservation Commission, 15 Conn. App. 336, 341 n. 2, 544 A.2d 258
(1988), quoting Feinson v. Conservation Commission, 180 Conn. 421,428-29, 429 A.2d 910 (1980). See also Kaufman v. Zoning Commission,232 Conn. 122, 167, 653 A.2d 798 (1995) Nevertheless, courts have found that "it would be extremely burdensome to the Retirement Board to enact standards beyond those set forth in the . . . Union Contract." Finno v.Retirement Board, City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 113949 (September 9, 1994, Kulawiz, J.). See alsoBattaglia v. Retirement Board of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 123090 (June 5, 1995, Pellegrino, J.) (Union contract allowed for discretion of retirement board in awarding the amount of disability retirement). "It is true that the union contract does not have a written formula to determine disability ratings nor does the Board have any written policy in connection with the assessments of disabilities. . . . As with most situations which require assessing monetary losses or disabilities, there is no grid that can be formulated to arrive at a fair numerical amount in every case since each case is unique. In most instances, we must rely on the judgement of the factfinder who will weigh various components and arrive at a decision that is fair and equitable. In any event, the court does not feel the Board was obligated to adopt rigid criteria or that they did not `apply' the same criteria that they apply in all other cases." Battaglia v.Retirement Board of Waterbury, supra, Superior Court, Docket No. 123090.
The defendant's position is that the collective bargaining agreement specifies that an employee for the city of Waterbury may receive a disability pension in an amount between 50 percent and 76 percent after a review by the Retirement Board. (ROR, E-5, Article XVIII (Pension, Section 7). The defendants further maintain that the Retirement Board duly reviewed Innaimo's application, and awarded him 50 percent, an amount that is within the prescribed disability pension rates.
It is not the function of the court to retry the case or to substitute its judgment for that of the Retirement Board. Riley v. State Employees'Retirement Commission, supra, 178 Conn. 441. There is no statement in the contract that prescribes a definitive standard for the Retirement Board to follow when it is determining the amount of pension benefit awards, and therefore, the collective bargaining agreement gives discretion to the Retirement Board to award disability pensions within the stated rates.
There is no evidence presented that the Retirement Board did not apply the same criteria that was applied in other cases. CT Page 9740
"[T]he arena of collective bargaining between the City and the . . . Union is the proper forum for any change in disability retirement formula involving those parties." Finno v. Retirement Board, City of Waterbury, supra, Superior Court, Docket No. 113949. "[S]etting standards or policies would be the function of collective bargaining." Battaglia v.Retirement Board of Waterbury, supra, Superior Court, Docket No. 123090. "Courts should not make a new contract for the parties or insert protective conditions which the parties failed to provide for themselves."Ludgin v. Cardillo, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 464097 (November 14, 1996, Keller,J.); Landscape Management Services v. Farmington Plaza, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539633 (September 18, 1996, Lavine, J.) The Retirement Board awarded a pension to Innaimo that is consistent with the terms of the collective bargaining agreement, and therefore, he has not suffered a material prejudice as a result of the award. There is nothing in the record to indicate that the Retirement Board acted unreasonably, arbitrarily, illegally, or in abuse of its discretion in this case.
CONCLUSION
The court has reviewed and considered the return of record, the provided briefs and the arguments of counsel. After this review and consideration, the court finds that the Retirement Board did not act unreasonably, arbitrarily, illegally, or in abuse of its discretion. Therefore, this appeal is dismissed.
FRANK D'ADDABBO, JR., J.