## EDWARD FERRIER *v.* PERSONNEL AND PENSION APPEALS BOARD OF THE TOWN OF WALLINGFORD (3697)

DUPONT, C. J., BORDEN and DALY, Js.

Argued April 9—decision released July 15, 1986

*Joseph P. Patrucco,* for the appellant (plaintiff).

*Richard R. Brown,* for the appellee (defendant).

DALY, J. The plaintiff appeals from the judgment of the Superior Court dismissing his appeal from the decision of the Wallingford personnel and pension appeals board (board). The court's judgment sustained the

action of the town's mayor in discharging the plaintiff as the planning coordinator for the Wallingford planning and zoning commission (commission).

The factual situation does not appear to be in dispute. The plaintiff served as the town's planning and zoning coordinator for approximately six years, when he was discharged from that position by the town's mayor by means of a letter delivered on June 15, 1983. The discharge was effective the following day. The basis for the discharge was the plaintiff's failure to disclose his financial interests in matters before the commission, giving the appearance of a conflict of interest with his public duties. On June 17, the plaintiff appealed his discharge to the board, claiming that the mayor did not have the authority to discharge him, and that there was no just cause for the mayor's actions. After conducting an evidentiary hearing lasting several days, the board issued its decision, dated December 1, 1983, finding that the mayor had the authority to discharge the plaintiff and that he had done so for just cause. The plaintiff appealed the board's decision to the Superior Court. See General Statutes § 7-422. The court dismissed the appeal by its judgment and memorandum of decision filed on October 26, 1984, finding that the board's decision was supported by the record. The plaintiff then filed this appeal.

The plaintiff has presented to this court the following issues: (1) whether the mayor had the authority to discharge the plaintiff; (2) whether the plaintiff was given adequate notice of such discharge; and (3) whether the plaintiff had been discharged for just cause. Before we address each of these claims, however, we shall summarize the proper scope of appellate review under General Statutes § 7-422.

An appellate court, in reviewing a decision from a local personnel and pension appeals board, may not

adjudicate facts or otherwise substitute its judgment for that of the board. See *Finkenstein* v. *Administrator,* 192 Conn. 104, 112–13, 470 A.2d 1196 (1984); *Raybestos-Manhattan, Inc.* v. *Planning & Zoning Commission,* 186 Conn. 466, 469, 442 A.2d 65 (1982); *Denby* v. *Commissioner,* 6 Conn. App. 47, 52, 502 A.2d 954 (1986). The court's function is limited to the examination of the record to determine whether the ultimate decision was factually and legally supported to ensure that the board did not act illegally, arbitrarily or in abuse of its discretion. See *Finkenstein* v. *Administrator,* supra, 113; *Greenwich* v. *Liquor Control Commission,* 191 Conn. 528, 534, 469 A.2d 382 (1983).

The plaintiff claims on appeal that the mayor of Wallingford lacks the legal authority to discharge the town's planning and zoning coordinator. In presenting this argument, the plaintiff relies on chapter V, § 3, of the town charter, which excepts from the mayor's authority the power to discharge "employees in the offices of elected officers or boards . . . ." The plaintiff contends that this section also precludes the mayor from discharging employees in the offices of local commissions. In *Carruthers* v. *Vumbacco,* 4 Conn. App. 168, 171–72, 493 A.2d 259 (1985), we held that the term "boards," as used in the Wallingford town charter, does not include commissions and that the mayor had the authority to discharge employees of the commission. We hold, therefore, for the reasons stated in *Carruthers* v. *Vumbacco,* supra, 170, that the trial court did not err in determining that the board was correct in finding that the mayor had the legal authority to discharge the plaintiff.

The plaintiff has also challenged the adequacy of notice afforded him prior to his discharge. He complains that by giving him less than twenty-four hours notice, the mayor violated rule XII, § 2, of the personnel rules which requires that an employee be given two weeks

written notice prior to the effective date of dismissal. The plaintiff complains further that the board erred in failing to rule specifically on this issue. The record demonstrates that the issue of notice was mentioned in the plaintiff's brief, as well as during portions of the testimony. Even if we assume that the board erred in failing to decide this issue, such error was not harmful to the plaintiff's claim for reinstatement. Had the board found in his favor on the issue of notice, the most to which the plaintiff would have been entitled was two weeks pay, not reinstatement. Such a finding would be insufficient to upset the board's determination after factually adequate notice and a full hearing before the board. The error alleged by the plaintiff's second claim is harmless.

Having resolved the issue of whether the mayor had the right to discharge the plaintiff, we consider whether the board properly affirmed the decision of the mayor to discharge the plaintiff for just cause. The board found that the plaintiff's position required a high degree of independent judgment and provided the commission with timely and meaningful input based on his expertise. The board also found that the plaintiff was involved with five profitable projects which he had reviewed for the commission. The commission approved all five projects without the knowledge of the plaintiff's financial interests therein. Conversely, when the plaintiff's son-in-law had projects before the commission, the plaintiff recused himself.

The board concluded that the plaintiff's interests were incompatible with the proper discharge of his official duties in the public interest, tended to impair his independence of judgment or action in the performance of his official duties and failed to avoid the appearance of conflict between his public duties and private interests. We agree with the Superior Court that the decision of the board is reasonably supported by the

evidence in the record. See *Finkenstein* v. *Administrator,* supra; *Greenwich* v. *Liquor Control Commission,* supra; *Madow* v. *Muzio,* 176 Conn. 374, 376, 407 A.2d 997 (1978).

There is no error.

In this opinion the other judges concurred.