[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, a fireman employed by the City of Waterbury filed for a disability pension on July 17, 1990, pursuant to the provisions of the charter of the City of Waterbury, with the defendant, the Retirement Board or the City of Waterbury. The application signed by the plaintiff stated that he was injured on July 4, 1989, when he fell off a fire apparatus. The charter of the City of Waterbury provides that upon filing of an application, the Retirement Board shall appoint two medical doctors to conduct independent medical examinations. The Board in this case appointed three doctors, Enzo J. Sella, M.D.; W. Jay Kromppenger, M.D. and Brian M. McCarthy, M.D., all of whom examined the plaintiff and submitted their reports which are part of the record.
On December 12, 1990, the defendant Retirement Board met and awarded the plaintiff "a disability in the amount of 60 percent based on the medical records and according to the fire contract". Plaintiff has appealed the decision of the defendant claiming that the decision was CT Page 7017 arbitrary, capricious and an abuse of its discretion.
This matter is being pursued pursuant to Section 2709 of the charter of the City of Waterbury. As in all cases that are appealed from a decision of an administrative agency, this court cannot substitute its judgment for the judgment of the administrative board. Ferrier v. Personnel Pension Appeals Board, 8 Conn. App. 165, 167. Based on the record the court cannot say that the defendant Board acted arbitrarily or abused its discretion. The plaintiff's application clearly states in response to the question as to the date and the description of the injury only, that he was injured on July 4, 1989, when he fell at work and injured his back, leg, arms, etc. The plaintiff was referred to three independent doctors to evaluate his injuries. In each case the doctors took a history from the plaintiff, which history is recited in each of the reports which are part of the record. Plaintiff claims that the Retirement Board did not fully consider the plaintiff's claimed injury to his back, knees and wrist, and did not consider at all his claim of a lung disability.
With regards to the latter claim, the claim of a lung disability, the plaintiff filed a motion dated June 28, 1991, seeking permission to submit additional evidence to the Retirement Board relating to that claim. The court denied the plaintiff's motion. It should be noted that the plaintiff's application for a retirement disability dated July 17, 1990, made no mention of a lung disability nor did any of the three doctors who examined the plaintiff, Dr. Sella. Dr. Kromppenger or Dr. McCarthy, mention anything thing about a lung disorder or disability in the histories that the three examining physicians elicited from the plaintiff. The plaintiff specifically seeks to introduce a report of Dr. Wasilauskas dated December 11, 1990, (Plaintiff's exhibit #1 for identification), which the plaintiff claims indicates that he has a 15 percent permanent partial disability of the lungs. The plaintiff alleges in his motion of June 28, 1991, paragraph 3, that the report (plaintiff's exhibit #14 I.D.) which the court refused to admit as a full exhibit, was "omitted" presumably by the Retirement Board. There is no evidence that this report, dated December 11, 1990, was even presented to the Board, which incidentally met to decide the instant matter on December 12, 1990, nor was there any claim by the plaintiff that the Board was required to consider additional evidence at its meeting on December 12, 1990, or even that the Board refused to consider this evidence. The plaintiff's claim in connection with the alleged "omission" of the Retirement Board in connection with the claimed lung CT Page 7018 disability is without merit. Furthermore, the provisions of Sec. 2709 of the Waterbury charter does not permit the court to order the defendant Board to take additional evidence as was sought by the plaintiff in his motion.
The plaintiff also claims that the treating physicians primarily focused on the plaintiff's back injury and paid little or no attention to the knee and wrist injuries. The court finds otherwise. The medical reports of each of the three doctors, which are part of the record, make mention of the knee and wrist injuries. Two of the doctors state, in their reports, that they received x-rays of the wrist, presumably supplied by the plaintiff. All of the doctors specifically mention the fracture of the right wrist and the claimed disability in connection with said injury. All of the doctors make mention of the injuries to both knees. In addition, Dr. Sella, in his report, attributes a 27 percent impairment due to the loss of function of the wrist. The court finds that the Retirement Board had ample evidence before it of the claimed disability to the plaintiff's wrist and knees, as well as evidence as to the claimed disability to the back. Based on that evidence, the Retirement Board awarded the plaintiff a 60 percent disability out of a maximum benefit of 76 percent disability. The court finds that there was no provision in the charter which obligates the Retirement board to set forth the reasons for or the basis of their decision in connection with the disability they in fact found. The court finds that there is adequate basis from the reports of the examining physicians which are a part of the record for the Retirement Board to make a finding, as in fact, they did. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 732.
The court finds that the decision of the Retirement Board should be upheld and therefore will dismiss the plaintiff's appeal.
J. H. Pellegrino, J.