[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The plaintiffs, Michael Farrell and Dickie Murchison, Jr., are firefighters employed by the City of Waterbury since July 11, 1988. They are members of the Waterbury Firefighters Association, Local 1339, and are subject to the terms and conditions of a labor contract between the City and the union. The Civil Service Commission of the City of Waterbury conducts and grades merit examinations and the Director of Personnel is the duly authorized agent of the commission. The plaintiff, Farrell, was previously employed by the New Britain Fire Department. The plaintiff, Murchison, previously was a firefighter with the Ridgefield Fire Department. On February 26, 1992, the commission announced a promotional exam for Fire Lieutenant and stated that in order to be eligible to take this exam, a firefighter must have, within six months of the closing date, four years firefighting experience comparable in a qualitative and quantitative sense to Waterbury Fire service. Both plaintiffs took the exam and competed in the promotional process for Fire Lieutenant.
On June 26, 1992, the Eligibility List was published by the Personnel Director and both appellants were found eligible to be promoted immediately. While neither appellant had four years of service with the Waterbury Fire Department, the Personnel Director determined that each firefighter had prior service with CT Page 4775 the aforementioned municipalities sufficiently comparable to Waterbury Fire service in a qualitative and quantitative sense to compensate for the fifteen days remaining before his fourth anniversary with the city of Waterbury. On June 29, 1992, the union filed a labor grievance which challenged the Personnel Director's determination that the appellants were eligible for promotion. On this date, the Mayor of Waterbury sustained the union's labor grievance and ordered the Personnel Director to rescind credit for firefighting experience outside the City of Waterbury. As a result of the Mayor's action, the appellants were not promoted to the rank of Fire Lieutenant. Both plaintiffs appealed the revocation of credit for non-Waterbury service to the Civil Service Commission and these appeals were heard on September 9, 1992. The commission, by a 3 to 2 vote, rejected both appeals.
The plaintiffs now properly appeal those decisions of the Civil Service Commission. Conn. Gen. Stat. § 4-183. Both appellants are aggrieved by the decision of the commission. See [Zoning Board of Appeals v. Freedom of InformationCommission], 198 Conn. 498, 502 (1986).
In reviewing the decision of the Civil Service Commission, the court may not adjudicate facts or substitute its judgment for that of the Commission. [Ferrier v. Personnel and PensionAppeals Board], 8 Conn. App. 165, 166-67. The court may only determine whether the commission acted illegally, arbitrarily or in abuse of its discretion. [Id.] at 167.
The plaintiffs claim that the union and the mayor violated the labor contract because a grievance cannot be filed and ruled upon on a matter pertaining to the conduct and rating of a merit exam. However, the union in the instant case did not challenge the conduct and rating of the exam; the union challenged and the Mayor ruled upon the eligibility qualifications of certain individuals to sit for the exam. Therefore, the contract does not prohibit the grievance.
Similarly, the conduct and grading of merit exams and establishment of lists from such exams and the initial appointments from such lists are not subject to collective bargaining and a grievance procedure. Conn. Gen. Stat. § 7-474(g); [D'Agostino v. New Britain], 7 Conn. App. 105,110 (1986). However, under General Statutes § 7-474(g), CT Page 4776 "once the procedures for the promotional process have been established by the municipality, any changes to the process proposed by the municipality concerning . . . the necessary qualifications for taking a promotional exam" shall be subject to collective bargaining and a grievance procedure. Conn. Gen. Stat. § 7-474(g); [Daley v. Hartford],215 Conn. 14, 23-24 N.8. Where, as here, "the gravamen of the plaintiffs' complaint concerns the fairness of the defendant's subsequent changes to the established qualifications necessary to proceed with the promotional process" the grievance procedure must be followed. [See Daley], 215 Conn. 23-24 N.8. Therefore the Mayor and the union did not act improperly.
Moreover, it is important to note that even if the Mayor and the union should not have followed the grievance procedure, the Civil Service Commission has authority over matters relating to the eligibility of candidates with regard to such factors as experience. Waterbury City Code Div. 2, 5205(f). Therefore, the decision of the Civil Service Commission, which relied upon evidence that demonstrated that fire service in New Britain and Ridgefield is not comparable in a qualitative and quantitative sense to Waterbury Fire Service, should not be disturbed as such decision of the commission was not illegal, arbitrary, or in abuse of its discretion.
Accordingly, the appeal is dismissed.
WEST, J.