[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought by plaintiff, Reginald P. Finno, from the action of the Retirement Board of the City of Waterbury, which had awarded to him a disability pension of 50% of his salary as a police officer of said city. CT Page 9045
The record of this case indicates that plaintiff began employment with the Police Department of the City of Waterbury on January 5, 1978. On December 15, 1991, while subduing prisoners in the cellblock area, he suffered an injury to his back. From that date until the approval of his pension application on February 10, 1993, he had been off duty as a police officer, receiving workers' compensation payments.
Before submitting his application for a pension, plaintiff testified that he had spoken to City Attorney Casagrande, and had his workers' compensation attorney speak with the City's Risk Manager in an attempt to ascertain what benefits he might expect from the board. Upon learning that some retirees had received between 62 and 65%, he decided to apply for his pension benefits.
In accordance with the provisions of the Police Union Contract (Article XXII, Section 12), plaintiff submitted to the Retirement Board proof of total disability substantiated by reports of examinations by two impartial competent medical examiners appointed by the retirement Board, who found plaintiff 15% disabled and incapable of performing police work in the future but not incapable of performing other types of work.
After a hearing attended by a quorum of members, two of whom had recently been appointed, the Board voted a 50% disability award to plaintiff. Plaintiff claims that the action of the Board was arbitrary, capricious and illegal because the Board had no written rules, formulae, policies or standards that it used in order to determine the percent of disability pension to award. Plaintiff petitions this court to sustain its appeal and remand the matter to the defendant Board in order for said Board to adopt written standards by which disability pensions are to be measured and awarded.
An appellate court, in reviewing a decision from a local personnel and pension appeals board, may not adjudicate facts or otherwise substitute its judgment for that of the Board. The court's function is limited to the examination of the record to determine whether the ultimate decision was factually and legally supported and to ensure that the Board did not act illegally, arbitrarily in abuse of its discretion. Ferrier v.Personnel and Pension Appeals Board of the Town of Wallingford,8 Conn. App. 165 (1986). CT Page 9046
In an appeal of the nature before it, this court does not retry the case or substitute its judgment for that of the Board. Commissioners, acting in a quasi judicial capacity, must weigh the evidence in rendering a decision and the conclusion which they reach must be legally supported by that evidence. Riley v.State Employees Retirement Board, 178 Conn. 438, 441 (1979), citing Budkofsky v. Commissioner of Motor Vehicles, 177 Conn. 588,590 (1979).
The contract between the City of Waterbury and Waterbury Police Union Local 1237 AFSCME, AFL-CIO spells out in detail disability pension requirements. Article XXIII, Section 12 of that agreement is as follows, in part:
 Any police participant totally and permanently disabled during the performance of essential duties pertaining to his or her employment by the City of Waterbury, irrespective of the duration of his or her employment, shall upon application in a form prescribed by the Retirement Board, be retired for disability provided proof of total disability is submitted to the Retirement Board substantiated by reports of examinations to be made by at least two (2) impartial competent medical examiners appointed by the Retirement Board.
 The Retirement Board shall pay to such regular member employed in the Police Department who has been retired for disability according to the provisions of this Article or Section, a pension during the continuance of such disability. The City of Waterbury guarantees that . . . no pension payable to a police participant employed by the Police Department on account of total and permanent disability sustained during the performance of essential duties pertaining to employment by the City of Waterbury as provided herein, shall be less than one-half (1/2) the annual rate of regular compensation, plus longevity of the disabled employee at the time of retirement.
The Board had duly required the two (2) independent medical examinations and received reports of a 15% permanent disability, disabling plaintiff from police work totally, but not from other forms of employment. The fact that plaintiff was capable of performing other work as determined by the doctors certainly CT Page 9047 entered into the determination of granting Officer Finno the minimum guaranteed pension. Testimony received from Palma Brustat, Pension Benefits Administrator of Waterbury, was that the standard practice of the Retirement Board is to follow the union contract. Ms. Brustat testified that years of service and percentage of disability are considered, while admitting that the Board does not have a written policy. This court finds that it would be extremely burdensome to the Board to enact standards beyond those set forth in the Police Union Contract. To attempt to set forth, for instance, formulae involving years of service from the first year of employment (since officers are covered under contract of employment ab initio) in relation to percentages from 5% or upward and equate a figure of percentage to each year or percentage would be most difficult, if not impossible. The court declines to remand this case to the Retirement Board for their setting of standards or policies as the court believes that the arena of collective bargaining between the City and the Police Union is the proper forum for any change in disability retirement formula involving those parties.
The court finds that the Board herein did not abuse the discretion vested in it. The Board's decision must stand unless it is found to be illegal, arbitrary or so unreasonable as to have abused its discretion. Fleischmann v. Board of Examinersin Podiatry, 22 Conn. App. 193, 197 (1991).
The appeal, therefore, is dismissed. However, the Board is to be certain that plaintiff receives any longevity pay to which he may be entitled.
/s/ Kulawiz KULAWIZ, J.