[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Andrew Battaglia, brings this appeal from the decision of the Board of Retirement of the City of Waterbury (hereinafter "Board") with respect to his disability award. Mr. Battaglia was employed as a firefighter for the City of Waterbury. Because of a partial permanent disability of his cervical spine, he was unable to perform his duties as a Battalion Chief and therefore applied for a disability retirement. The Board considered his request and allowed him to retire on the basis of his disability and awarded him a CT Page 6827 percentage of 66% which took into account his disability, as of September 14, 1994. The plaintiff alleges 1) that the board's disability award was minimal and arbitrary, and 2) that the board acted arbitrarily and capriciously because its decision was not based on a uniform and standard policy.
In support of his claim the plaintiff presented the following evidence, which was not disputed. Under the plaintiff's union contract, his retirement pension is determined by a formula which recognizes his Annual pay multiplied by a percentage determined either by his years of credited service in the case of a normal retirement, or by a percentage determined by the Board of retirement in disability retirement such as is the case here. The parties do not question the numbers used to compute the plaintiff's annual pay. The parties also agree that if Mr. Battaglia elected normal retirement on September 14, 1994, which he was eligible for, his percentage would be 64% computed by his years of credited service, 32.4 times 2%. (Under the union contract this percentage is determined by multiplying each year of credited service by 2%.) It is also not disputed that if Mr. Battaglia waited to take a normal retirement when he reached 33 years of credited service, which would have been early in 1995, he would have been awarded a percentage of 66%. (33 years times 2%)
The plaintiff claims that the disability award was minimal and arbitrary based on the medical evidence presented to the Board. In March, 1994, Dr. Dyer examined Mr. Battaglia and assessed a 25% disability. Dr. Dyer opined that Mr. Battaglia was totally disabled from performing his work as a firefighter, but was not totally and permanently disabled from performing "other work." Mr. Battaglia underwent surgery in May, 1994. In August, 1994, Dr. Fisher examined Mr. Battaglia. Dr. Fisher increased his total disability to 50% and also agreed that Mr. Battaglia was totally disabled from performing his duties as a firefighter. Each doctor completed a "City of Waterbury Retirement Disability Questionnaire." Both doctors indicated that Mr. Battaglia is totally and permanently disabled from performing his duties as a firefighter. Both doctors also indicated that Mr. Battaglia was not totally and permanently disabled from performing other work. However, in another section, Dr. Fisher did indicate with a question mark whether the plaintiff would ever recover to do other work. (Plaintiff's Exhibit 1) CT Page 6828
The plaintiff claims that based on the above medical evidence, he was entitled to a greater disability pension than 66%. The plaintiff argued that the 50% permanent partial disability rating of the back by Dr. Fisher, and both Dr. Fisher's and Dr. Dyer's opinion that he was totally disabled as a firefighter, entitled him to a higher percentage of annual retirement pay than the board awarded.
The plaintiff attempts to further support his claim for a higher rating with the amount he would have received if he elected normal retirement. Without the disability, the plaintiff was eligible to receive his years of service multiplied by 2% (32.4 years as of September 14, 1994 X 2%), a 64% pension. The plaintiff further argued that if he waited until early 1995, he would have received a pension for 33 years of service, which would be 66% of his annual pay. The fact that Mr. Battaglia received only 2% more under a disability retirement than he would have received under normal retirement on the same date does not persuade this court that the Board's assessment of his disability pension was arbitrary, clearly erroneous, or an abuse of discretion. Nor does the fact that if Mr. Battaglia retired in early 1995, with 33 years of service and a 66% pension make the board's decision clearly erroneous, arbitrary, or an abuse of discretion. This court is reluctant to consider this very argument because it is moot, given Mr. Battaglia's total disability as a firefighter, he could not have waited to retire in January.
This court acts in an appellate capacity and as such reviews the record to determine whether the Board abused its discretion in fulfilling its duty. Ferrier v. Personnel andPension Appeals Board of the Town of Wallingford, 8 Conn. App. 165,166-67, 510 A.2d 1385 (1986). Smith v. Zoning Board ofAppeals of Town of Greenwich, 227 Conn. 71, cert. denied,114 S.Ct. 1190 (1993); Ottochian v. Freedom of Information, 221 Conn. 393,398-99 (1992). After reviewing the record and all of the evidence presented the court can not find that the Board of Retirement acted unreasonably, arbitrarily, or illegally, or abused its discretion in this case. This court can not substitute its judgment for that of the Board. Riley v. StateEmployees Retirement Board, 178 Conn. 438, 441 (1979). There is nothing in the record or in the evidence which would indicate an abuse of discretion.
Second, the plaintiff claims that the Board did not have a CT Page 6829 uniform policy in arriving at its decisions and its failure to adopt and/or apply uniform standards was an abuse of its discretion. It is true that the union contract does not have a written formula to determine disability ratings nor does the Board have any written policy in connection with the assessments of disabilities. The court heard testimony from Palma Brustat, the Pension Benefits Administrator of the City of Waterbury, who testified that the Board made their decisions by weighing the medical reports with the opinions as to whether the applicant is totally and permanently disabled from doing their job or any job at all in the framework of the union contract. Ms. Brustat testified that these were the criteria that were used by the Board in the instant matter. As with most situations which require assessing monetary losses or disabilities, there is no grid that can be formulated to arrive at a fair numerical amount in every case since each case is unique. In most instances, we must rely on the judgement of the factfinder who will weigh various components and arrive at a decision it feels is fair and equitable. In any event, the court does not feel that the Board was obligated to adopt rigid criteria or written uniform standards. There was no evidence in this case that they did not "apply" the same criteria that they apply in all other cases. The court agrees with the decision of Judge Kulawiz who dealt with the exact same issue in Finno v. RetirementBoard of the City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 113949 (September 9, 1994, Kulawiz, J.), who found that setting standards or policies would be the function of collective bargaining.
The court finds that the Board's decision was not clearly erroneous, the Board did not act arbitrarily or illegally, and did not abuse its discretion. Therefore, the court will dismiss this appeal.
/s/ Pellegrino, J. PELLEGRINO