[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Adrian Olivero, Jr., appeals from a decision of the defendant retirement board of the City of Waterbury (retirement board), awarding the plaintiff a pension benefit of fifty-five percent of his base pay.
On August 16, 1982, the plaintiff commenced his employment as a firefighter for the City of Waterbury. (Return of Record [ROR], Item 1.) On August 9, 1996, the plaintiff sustained severe injuries while in the course of his employment. (Appeal, ¶ 2.) The plaintiff subsequently applied for disability retirement on January 20, 1998. (ROR, Item 1.) On March 11, 1998, the retirement board voted unanimously to approve the plaintiff's disability request based on the medical records and in accordance with the fire department contract. (ROR, Item 7.) Additionally, the retirement board set the plaintiff's pension at fifty-five percent of his base pay. (ROR, Item 7.)
On March 24, 1998, the plaintiff filed this administrative appeal, alleging that the retirement board's decision was "unreasonable, arbitrary, an abuse of discretion and a violation of the equal protection clause of the "Constitution of the State of Connecticut and the United States." (Appeal, ¶ 7.) On July 7, 1998, the retirement board filed an answer and return of record. On March 3, 1999, the retirement board filed a motion to sever the plaintiff's equal protection claims from the administrative pension appeal. Subsequently, this court granted the retirement board's motion to sever on August 12, 1999.
Section 2709 of the charter of the City of Waterbury provides: "Any person aggrieved by any decision of said retirement board may, within fifteen days from the date when such decision was rendered, take an appeal to the [Superior Court] for the Judicial District of Waterbury in New Haven County. Notice of such appeal shall be given by leaving a true and attested copy thereof with said retirement board within twelve days before the return date to which such appeal was taken."
This court, at a hearing on August 7, 2000, found that the plaintiff was aggrieved by the retirement board's decision.
On March 11, 1998, the retirement board rendered its decision in this matter. (ROR, Item 7.) The plaintiff subsequently commenced this appeal, dated March 24, 1998, within fifteen days of the retirement board's CT Page 9324 decision. On March 25, 1998, the plaintiff served notice of the appeal upon the City of Waterbury and the retirement board within twelve days before the listed return date of April 14, 1998.[1] (Sheriff's return.) The plaintiff commenced this appeal in a timely fashion.
This court acts in an appellate capacity and, as such, reviews the record to determine whether the retirement board abused its discretion in fulfilling its duty. Ferrier v. Personnel and Pension Appeals Board ofthe Town of Wallingford, 8 Conn. App. 165, 166-167, 510 A.2d 1385
(1986); see also Innaimo v. City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 146439 (August 24, 1999, D'Addabbo,J.); Battaglia v. Retirement Board of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 123090 (June 5, 1995, Pelligrino, J.). "The duties of an administrative agency . . . include the right to exercise discretion . . . In exercising that discretion, the factors to be taken into consideration are not mechanical or self-defining standards, and, thus, wide areas of judgment are implied." (Internal quotation marks omitted.) Riley v. State Employees' RetirementCommission, 178 Conn. 438, 442, 423 A.2d 87 (1979). "An appellate court, in reviewing a decision from a local personnel and pension appeals board, may not adjudicate facts or otherwise substitute its judgment for that of the board." Ferrier v. Personnel Pension Appeals Board, supra,8 Conn. App. 166-167. The record in this case, however, has been supplemented by testimony given at a hearing for that purpose on October 30, 2000.
"The court's function is limited to the examination of the record to determine whether the ultimate decision was factually and legally supported to ensure that the board did not act illegally, arbitrarily or in abuse of its discretion. . . . Without question agency action which is unconstitutional, contrary to law, illegal, or beyond the power granted to tile agency is arbitrary, capricious, unreasonable, or an abuse of discretion." (Citation omitted; internal quotation marks omitted.) Downeyv. Retirement Board, 22 Conn. App. 172, 180-81, 576 A.2d 582, cert. denied, 216 Conn. 811, 580 A.2d 56 (1990). In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency."Jutkowitz v. Department of Health Services, 220 Conn. 86, 94, 596 A.2d 374
(1991).
After considering the plaintiff's application for disability retirement benefits, the retirement board awarded the plaintiff a pension benefit of fifty-five percent of his base pay. (ROR, Item 7.) The plaintiff appeals this pension award, alleging that the retirement board's decision was "unreasonable, arbitrary, an abuse of discretion and a violation of the equal protection clause of the Constitution of the State of Connecticut CT Page 9325 and the United States." (Appeal, ¶ 7.) As previously noted, however, this court granted the retirement board's motion to sever the constitutional claims from the administrative appeal. The issue before the court, therefore, is whether the retirement board acted unreasonably, arbitrarily and in abuse of its discretion when it rendered its decision.
Specifically, the plaintiff argues that his award should be higher due to the nature and extent of his injuries and years of service as supported by evidence in the record.[2] The plaintiff further argues that the retirement board lacks any uniform or objective standards by which to measure disability awards. The plaintiff argues that the retirement board should have applied a standard similar to the standard applied in heart and hypertension cases under General Statutes §7-433c.[3]
In response, the retirement board argues that it did not abuse its discretion in setting the plaintiff's disability pension because it applied standard criteria in rendering its decision. Additionally, the retirement board argues that it did not act unreasonably or arbitrarily because its decision to award the plaintiff a disability pension award of fifty-five percent of his base pay is supported by substantial evidence in the record.
Section 2746 of the charter of the City of Waterbury provides in relevant part: "Any fire or police participant totally and permanently disabled during the performance of essential duties pertaining to his employment by the City of Waterbury, irrespective of the duration of his employment, shall be retired for disability, provided proof of total disability is submitted to the retirement board substantiated by reports of examinations to be made by at least two (2) impartial competent medical examiners appointed by the legal department and retirement board. . . . The City of Waterbury guarantees that no pension payable to a fire or police participant employed by the fire or police department on account of total and permanent disability sustained during the performance of essential duties pertaining to employment by the City of Waterbury as provided herein, shall be less than one-half the annual rate of regular compensation received by the disabled employee at the time of disability." Article XXXIII, section 11, of the collective bargaining agreement provides, in relevant part, that "[t]he parties hereto agree that, effective as of July 1, 1977, any provision of the Charter to the contrary notwithstanding, an employee who applies for, and receives, a disability pension . . . shall be entitled to, and shall receive, a maximum disability pension of seventy-six percent (76%) of BASE PAY." (ROR, Item 5.) CT Page 9326
There is no rigid formula in the collective bargaining agreement or in the Waterbury city charter for the retirement board to follow in determining a disability pension award. "As with most situations which require assessing monetary losses or disabilities, there is no grid that can be formulated to arrive at a fair numerical amount in every case since each case is unique." Battaglia v. Retirement Board of Waterbury, supra, Superior Court, Docket No. 123090. An administrative agency has the right to exercise discretion in rendering a decision. Riley v. StateEmployees' Retirement Commission, supra, 178 Conn. 442. The retirement board exercised its discretion when it awarded the plaintiff a disability pension rate of fifty-five percent. The plaintiff's disability pension rate is clearly within the prescribed rates of fifty and seventy-six percent.
There is no evidence that the retirement board deviated from the criteria that was applied in previous cases. The retirement board considered the medical reports from two independent medical examiners, the collective bargaining agreement and the plaintiff's years of service as a firefighter. [ROR, Items 2, 5, 7.] Furthermore, the plaintiff's disability is not the result of heart disease or hypertension. The retirement board was therefore under no duty to apply the formula for heart and hypertension cases as mandated by General Statutes § 7-433c. In light of the foregoing, the court finds that the retirement board did not act unreasonably, arbitrarily, illegally or in abuse of its discretion based on the evidence in the record as supplemented.
The appeal is dismissed.
THOMAS G. WEST, J.