[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR DEFAULT AND TRIAL
Plaintiff brings this action against the defendant Board of Appeals (Board) from its decision that he had not been discriminated against in regard to a three-part examination for the position of fire lieutenant. He appeals under C.G.S. § 7-422. On July 3, 2000 East Hartford Fire Fighters Union Local 1548, International Association of Fire Fighters moved to be made a party defendant which motion was granted. Defendant Board moves for default.
 FACTS RE MOTION AND MERITS
The court received the board record on December 17, 2002. Twenty-two candidates took the exam for fire lieutenant.
Plaintiff scored fourteenth. Two days after the results were posted he appealed to the defendant under § 55-4 of the Town's Personnel Rules and Merit System. The Board decided that it only had jurisdiction over one part of the exam and that was the oral part.[1]
On or about March 21, 2001 the court issued scheduling order (1) that "Town to file admin. record by 4/20/01"; (2) "Plaintiff to request any supplement to . . . record by 4/30/01"; (3) "Town to complete . . . record by 5/30/01"; (4) "Plaintiff to certify by 6/15/01"; plaintiff to file brief by 7/16/01; (5) defendant to file brief by 8/18/01.
Under Practice Book Section § 14-14 the court may make trial management orders which shall control the subsequent conduct of the case. If a party fails to abide by such order the court may make such order as justice requires.
In our situation both parties were equally careless regarding the court's orders of March 21, 2001. Thus the court will neither dismiss the action nor default the defendant. CT Page 1686
 LAW
I. Part of plaintiff's claim is really "Age Discrimination." As to that he failed to exhaust his administrative remedies. Thus this court has no jurisdiction as to that claim.
Whatever discretion the Board may have had was for the Board to use and the court can see no abuse in the Board's action.
II. As to scheduling, the plaintiff participated in the testing and thus has nothing to complain of on that issue.
III. As to the delay of the test that is the Board's right and Board's discretion. This court cannot find an abuse of that discretion by virtue of the Board's consideration of the time of the delay.
IV. As to the rendering of the decision within thirty days, that is not a mandatory rule as shown by the lack of any sanctions to be imposed for failure to comply.
V. The composition of the Board was correct at the time of the hearings.
VI. The fact that the Board adopted no written Rules of Procedure is in breach of C.G.S. § 7-422 which says, inter alia, "[The Board] shall adopt rules of procedures which shall insure any aggrieved employee a prompt and fair hearing and an opportunity to be heard in person or by a representative of his choosing." That language suggests that the rules and procedures shall be in place so that all may know of them before an appeal is contemplated. In addition the court infers that such shall be in writing so that all shall see and know this requirement.
VII. The claim that plaintiff was denied his right to call witnesses is in breach of C.G.S. § 7-422 and of Section 15-6 of the East Hartford Code of Ordinances. As to the statute the claim is valid but not as to the ordinance. In addition § 7.4(b) of the Town of East Hartford Charter seems to give the authority to call witnesses to the Board.
C.G.S. § 7-422 makes it clear that the Board "shall hear and decide any grievance . . . of any employee . . ." It also "shall adopt rules of procedures which shall insure any aggrieved employee a prompt and fair hearing and an opportunity to be heard . . ." The rules of procedures were never adopted and the actions of the Board in failing to allow plaintiff to call witnesses prevented plaintiff from having a fair hearing. CT Page 1687
The plaintiff at the Board meeting of 12/18/99 in Item 4 ¶ 3 and ¶ 4 make it plain plaintiff wanted to call witnesses. The Corporation Counsel said nothing about the right to either call or subpoena witnesses but he did say that subpoenaed witnesses would not be paid overtime thus indicating to the Board that he agreed that plaintiff could call witnesses. Again plaintiff complains at the meeting of the Board on February 22, 2000 that he "wanted the record to show that he was not allowed to bring forward witnesses, to subpoena documents or to subpoena witnesses."
The Board's final decision is not legally supported by the record which this court has examined. Ferrier v. Personal Pension AppealsBoard, 8 Conn. App. 165, 168.
In drafting an order in this matter the court is first concerned with the rights of those firefighters who were promoted. Without their being parties herein the court can do nothing to modify their current positions.
The court cannot order promotion of plaintiff to fire lieutenant, nor can it order any additional pay or overtime because such decisions are for the Board to which this matter is remanded with orders to notice and hold promptly a hearing or hearings as to plaintiff's right to promotion and pay. In any such hearing plaintiff shall be allowed to call witnesses and examine any witnesses produced by Board.
If the Board has not already done so it shall, at least twenty days prior to notice of such hearing, publish a set of Rules for Procedures, post the same in all firehouses and send one copy to plaintiff by certified mail.
This case was not tried for plaintiff's right to be sent to entry level firefighter classes and thus no order will be given re such request.
Motion for Default is denied. Judgment for plaintiff.
Court costs are awarded to plaintiff.
BY THE COURT
Norris L. O'Neill, J.